# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-168-DCK

| | |
|---|---|
| BELK, INC., and )<br>BELK INTERNATIONAL, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MEYER CORPORATION, U.S., and )<br>MEYER INTELLECTUAL )<br>PROPERTIES LIMITED, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Motion Of Defendants ... To Dismiss, Or Alternatively, To Transfer " (Document No. 11) and "Memorandum Of Law In Support Of Defendants..." (Document No. 12) filed July 5, 2007; "Plaintiffs' Response In Opposition..." (Document No. 25) filed July 30, 2007; "Reply In Support Of The Motion Of Defendants..." (Document No. 35) filed August 15, 2007; "Plaintiffs' Motion For Entry Of Default" (Document No. 20) and "Memorandum In Support..." (Document No. 21) filed July 27, 2007; "Opposition Of Defendants..." (Document No. 22) filed July 29, 2007; and the "Reply Memorandum In Support Of Plaintiffs' Motion For Entry Of Default..." (Document No. 30) filed August 10, 2007. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, as well as the arguments of counsel at a status and motions hearing on January 8, 2007, the undersigned will deny the motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2007, Dean Luca Krause, General Counsel for Meyer Corporation, sent a letter to Ross Pitts, General Counsel for Belk, Inc., alleging patent infringement, "appropriation of trade dress, false advertising, unfair competition and any number of other commercial torts." (Document No. 1-2). Mr. Krause's letter suggested that if Belk did not immediately "cease and desist" Meyer would file a lawsuit.

Belk, Inc. and Belk International, Inc. (collectively, "Belk" or "Plaintiffs") filed a "Complaint" (Document No. 1) with this Court against Meyer Corporation, U.S., and Meyer Intellectual Properties Limited (collectively, "Meyer" or "Defendants") on April 18, 2007, seeking a declaration of non-infringement and invalidity of patents, as well as declarations of: non-infringement of trade dress, no false advertising, no unfair competition, and no commercial torts. On April 20, 2007, Meyer filed a complaint in the United States District Court for the Northern District of Georgia (Civil Case No. 1:07-CV-894) alleging patent infringement, trade dress infringement and unfair competition against Belk.

Defendants filed a "...Motion To Dismiss, Or Alternatively, To Transfer" (Document No. 11) on July 5, 2007. Defendants' motion principally contends that Plaintiffs' suit in this district was an obvious attempt to forum shop and that the "anticipatory declaratory judgment action" should be dismissed, or transferred to Georgia to join with the "substantive" claims filed there. On July 20, 2007, United States District Judge Beverly B. Martin, of the Northern District of Georgia, granted Belk's motion in that case to transfer and ordered that the Georgia action be transferred to this district for a decision on where the litigation should proceed.

On July 27, 2007, Plaintiffs filed their "...Motion For Entry Of Default" (Document No. 20) contending that Defendants' motion to dismiss/transfer did not toll the time for them to answer or otherwise respond to the Complaint because it did not effectively articulate a 12(b) defense. On July 29, 2007, Defendants filed an "Answer And Counterclaim" Document No. 23) and then on August 17, 2007, filed an "Amended Answer And Counterclaim" (Document No. 36).

On September 26, 2007, Judge Martin Reidinger granted the parties' joint motion to consolidate cases 3:07-CV-293-MR and 3:07-CV0168-DCK, finding that "[t]he cases involve the same parties, facts, and questions of law" and thereby ordered that the action which had been transferred from the Northern District of Georgia be consolidated with this case. (Document No. 42). Judge Reidinger's Order also noted that the parties had consented to Magistrate Judge jurisdiction.

The undersigned held a status and motions hearing on January 8, 2007 and heard arguments on the pending motions.

## II. DISCUSSION

**A. Defendants' Motion To Dismiss Or Transfer**

Defendants seek to dismiss this case, or in the alternative, to transfer it to the Northern District of Georgia. Defendants' argument to dismiss is limited and primarily focuses on the Court's discretion to hear a declaratory judgment action. Defendants' other arguments for dismissal are more properly construed as arguments for transfer. The undersigned finds that Defendants' arguments to dismiss fall short of the traditionally high standard to dismiss a case and the Court will exercise its discretion in favor of allowing Plaintiffs' suit for declaratory judgment to proceed. Furthermore, especially since this case was consolidated with Plaintiffs' action transferred from the Northern

District of Georgia, the undersigned finds it would be premature to dismiss this case at this stage of the litigation.

Defendants' arguments for transfer present a closer call, but still fall short. The undersigned is convinced that the "first-to-file" rule as set out in Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931 (Fed. Cir. 1993) controls here, and coupled with the "Crockett Factors," leads to the conclusion that this Court should retain jurisdiction of this matter. See Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990).

The Federal Circuit in Genentech considered whether a "declaratory action to determine patent rights should yield to a later-filed suit for patent infringement" and clearly opined

> [w]e prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise. The general rule favors the forum of the first-filed action, whether or not it is a declaratory action.

Genentech, Inc. v. Eli Lilly & Co., 998 F.2d at 937. In Genentech, the court "invoke[d] the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits" and thus asserted its controlling authority in instances like the matter now before the Court. The undersigned concludes that Federal Circuit precedent is controlling in the instant matter, and the forum of the "first-filed case is favored unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." Id.

This Court has previously outlined factors that should be considered when deciding if a matter will be transferred, and the undersigned finds these factors to be consistent with Genentech in that they are helpful in analyzing whether there are considerations that would weigh in favor of another forum. The "Crockett Factors" include:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative ease of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

Jim Crockett Promotions, 751 F. Supp. at 96.

The undersigned finds Plaintiffs' discussion of these factors in its "...Response In Opposition To Defendants' Motion To Dismiss.." (Document No. 25) to be helpful and accurate. It appears to the undersigned that all these factors either favor neither party, or tilt in favor of Plaintiffs. The Court allowed and has considered Defendants' "...Additional Declaration..." (Document Nos. 40-41) which belatedly identified two Meyer employees residing in the Northern District of Georgia who might be called as witnesses in this action. Nevertheless, the undersigned finds that the balance of judicial and litigant economy and the effective and timely disposition of this dispute favors jurisdiction in the Western District of North Carolina.

### B. Plaintiffs' Motion For Entry Of Default

Plaintiffs filed a "...Motion For Entry Of Default" (Document No. 20) on July 27, 2007, alleging that Defendants had not effectively answered their Complaint and therefore the Clerk of Court should enter a Notice of Default. The undersigned understands the Plaintiffs' reasoning at the time of their filing, but finds now that the terrain of the lawsuit has shifted considerably since the motion was filed, and that the motion should be denied as moot.

Plaintiffs contend that Defendants' "...Motion To Dismiss Or, Alternatively, To Transfer" (Document No. 11) did not toll the time for a responsive pleading to the Complaint because it did not adequately raise any of the defenses enumerated under Fed.R.Civ.P. 12(b). The undersigned declines to rule on whether Defendants' motion to dismiss/transfer was sufficient to toll the time to file their Answer, or whether the Court or the Clerk of Court was required to grant "Plaintiffs' Motion For Entry Of Default." Instead, the undersigned notes that Defendants filed an "Answer And Counterclaim" (Document No. 23) on July 29, 2007, and that even if Defendants' previous motion did not toll the time allowed to Answer, Plaintiffs here suffered no actual prejudice from Defendants delay in answering.

Defendants have identified case law supporting a Fourth Circuit preference that Fed.R.Civ.P. 55(c) be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) citing Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Although in the instant case Defendants do not seek relief from an entry of default, because it was never entered, the undersigned finds the above case law supportive of its decision to deny entry of default now.

Since Defendants did file an Answer, and the case from the Northern District of Georgia has been transferred and consolidated with the case filed in this district, and Plaintiffs seem to have suffered no prejudice, the undersigned will respectfully deny the pending "...Motion For Entry Of Default" as moot.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Motion Of Defendants ... To Dismiss, Or Alternatively, To Transfer " (Document No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiffs' Motion For Entry Of Default" (Document No. 20) is **DENIED AS MOOT**.

Signed: November 14, 2007

David C. Keesler
United States Magistrate Judge