# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-168-DCK

| | |
|---|---|
| BELK, INC., and <br> BELK INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEYER CORPORATION, U.S., and <br> MEYER INTELLECTUAL <br> PROPERTIES LIMITED, <br><br> Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion For Bifurcation Of Discovery And Adoption Of Amended Discovery Plan" (Document No. 50) and "Memorandum In Support Of Plaintiffs' Motion..." (Document No. 51), filed November 30, 2007; "Opposition To Motion To Bifurcate Discovery" (Document No. 67) filed January 18, 2008; and the "Reply Memorandum In Support Of Plaintiffs' Motion For Bifurcation..." (Document No. 72), filed February 15, 2008. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2007, Dean Luca Krause, General Counsel for Meyer Corporation, sent a letter to Ross Pitts, General Counsel for Belk, Inc., alleging patent infringement, "appropriation of trade dress, false advertising, unfair competition and any number of other commercial torts." (Document

No. 1-2). Mr. Krause's letter suggested that if Belk did not immediately "cease and desist," Meyer would file a lawsuit.

Belk, Inc. and Belk International, Inc. (collectively, "Belk" or "Plaintiffs") filed a "Complaint" (Document No. 1) with this Court against Meyer Corporation, U.S., and Meyer Intellectual Properties Limited (collectively, "Meyer" or "Defendants") on April 18, 2007, seeking a declaration of non-infringement and invalidity of patents, as well as declarations of non-infringement of trade dress, no false advertising, no unfair competition, and no commercial torts. On April 20, 2007, Meyer filed a complaint in the United States District Court for the Northern District of Georgia (Civil Case No. 1:07-CV-894) alleging patent infringement, trade dress infringement and unfair competition against Belk.

Defendants filed a "...Motion To Dismiss, Or Alternatively, To Transfer" (Document No. 11) on July 5, 2007. Defendants' motion principally contended that Plaintiffs' suit in this district was an obvious attempt to forum shop and that the "anticipatory declaratory judgment action" should be dismissed, or transferred to Georgia to join with the "substantive" claims filed there. On July 20, 2007, United States District Judge Beverly B. Martin, of the Northern District of Georgia, granted Belk's motion in that case to transfer, and ordered that the Georgia action be transferred to this district for a decision on where the litigation should proceed.

On July 27, 2007, Plaintiffs filed their "...Motion For Entry Of Default" (Document No. 20) contending that Defendants' motion to dismiss/transfer did not toll the time for them to answer or otherwise respond to the Complaint because it did not effectively articulate a 12(b) defense. On July 29, 2007, Defendants filed an "Answer And Counterclaim" Document No. 23) and then on August 17, 2007, filed an "Amended Answer And Counterclaim" (Document No. 36).

On September 26, 2007, Judge Martin Reidinger granted the parties' joint motion to consolidate cases 3:07-CV-293-MR and 3:07-CV0168-DCK, finding that "[t]he cases involve the same parties, facts, and questions of law" and thereby ordered that the action which had been transferred from the Northern District of Georgia be consolidated with this case. (Document No. 42). Judge Reidinger's Order also noted that the parties had consented to Magistrate Judge jurisdiction.

The undersigned held a status and motions hearing on November 8, 2007 and heard arguments on the motions to dismiss and for entry of default. On November 14, 2007, the undersigned issued an Order (Document No. 46) denying the motion to dismiss or transfer and denying the motion for entry of default.

On November 30, 2007, Plaintiffs filed their "...Motion For Bifurcation Of Discovery And Adoption Of Amended Discovery Plan" (Document No. 50) now pending before the Court. Plaintiffs filed an "Amended Complaint" (Document No. 71) on February 6, 2008.

## II. DISCUSSION

Plaintiffs' pending motion seeks an amended discovery plan that would bifurcate discovery in this case into two phases: the first phase limited to issues of validity and enforceability of Defendants' patents, and a subsequent phase for all other issues. Plaintiffs contend that such a schedule would aid in the efficient administration of the case.

Plaintiffs primarily base their position on an argument that there is prior art in the form of a line of cookware products sold by Defendant Meyer Corporation, U.S. ("Meyer") more than a year before the earliest claimed filing date of any of the Meyer patent applications. If true, this would invalidate the Meyer patents pursuant to 35 U.S.C. § 102(b), which provides that:

3

> A person shall be entitled to a patent unless . . . the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States....

35 U.S.C. § 102(b).

Plaintiffs' briefs cite evidence of Meyer's "Analon Titanium" cookware line being shown on a website as early as August 1, 2001, and in *The Gourmet Retailer 2001 Holiday Gift Guide*, published in May 2001, and *The Gourmet Retailer Fall Holiday Gift Guide*, published in September 2001. The earliest filing date of any Meyer patents was January 7, 2003. Plaintiffs therefore contend the Meyer patents are invalid and bifurcated discovery on this issue would promote efficient adjudication in this case.

Defendants oppose bifurcated discovery. First, they argue "the basic principle that patents are presumed valid." (Document No. 67 a 3) (citing 35 U.S.C.§ 282). Next, Defendants contend that Plaintiffs' production of archived Internet evidence of a website is unreliable. Defendants also argue that "Meyer's internal records indicate, and witnesses will testify, that the Analon Titanium product line was not publicly launched until well after the critical date of the Meyer Patents." (Document No. 67 at 4).

Defendants further contend that even if the Meyer patents are somehow invalidated, the claims brought under trade dress and unfair competition will remain. They argue that phased discovery would lead to multiple rounds of written discovery and require multiple depositions of the same witnesses.

The validity of the Meyer patents is certainly a key issue in this lawsuit, and Plaintiffs make a compelling argument for focusing a round of initial discovery on that issue alone; however, the

4

undersigned will deny Plaintiffs' motion for bifurcation. The Court finds that a regular discovery period is likely to result in a more efficient process and will avoid the risk of unnecessary duplication. In the interests of judicial economy, the undersigned will issue a standard Pretrial Order and Case Management Plan, based on the parties' proposals, as soon as possible.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion For Bifurcation Of Discovery And Adoption Of Amended Discovery Plan" (Document No. 50) is **DENIED**.

Signed: March 6, 2008

.

David C. Keesler
United States Magistrate Judge