# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-168-DCK

| | |
|---|---|
| BELK, INC., and <br> BELK INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEYER CORPORATION, U.S., and <br> MEYER INTELLECTUAL <br> PROPERTIES LIMITED, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** on "Meyers' Partial Motion To Dismiss Plaintiffs' Amended Complaint For Declaratory Judgment Pursuant to Fed.R.Civ.P. 12(b)(1)" (Document No. 81) and "Memorandum In Support..." (Document No. 82), filed March 18, 2008; "Plaintiffs' Motion Pursuant To 12(b)(6) Fed.R.Civ.P. To Dismiss Defendants' Trade Dress And Unfair Competition Claims" (Document No. 83) and "Plaintiffs' Memorandum In Response To Defendants' Partial Motion To Dismiss The Amended Complaint And In Support Of Plaintiff's Motion Pursuant to 12(b)(6) Fed.R.Civ.P. To Dismiss Defendants' Trade Dress And Unfair Competition Claims" (Document No. 84), filed April 4, 2008; "Opposition To Belk's Cross Motion To Dismiss And Reply In Further Support Of Meyers' Partial Motion To Dismiss Belk's Amended Complaint" (Document No. 93), filed April 21, 2008; and "Plaintiffs' Reply Memorandum In Support Of Its Cross-Motion To Dismiss" (Document No. 94), filed May 2, 2008. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, as well as the arguments of counsel at a status and motions hearing on June 17, 2008, the undersigned will <u>grant</u> Defendants' partial motion to dismiss and <u>deny</u> Plaintiffs' motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2007, Dean Luca Krause, General Counsel for Meyer Corporation, sent a letter to Ross Pitts, General Counsel for Belk, Inc., alleging patent infringement, "appropriation of trade dress, false advertising, unfair competition and any number of other commercial torts." (Document No. 1-2). Mr. Krause's letter suggested that if Belk did not immediately "cease and desist," Meyer would file a lawsuit.

Belk, Inc. and Belk International, Inc. (collectively, "Belk" or "Plaintiffs") filed a "Complaint" (Document No. 1) with this Court against Meyer Corporation, U.S., and Meyer Intellectual Properties Limited (collectively, "Meyer" or "Defendants") on April 18, 2007, seeking a declaration of non-infringement and invalidity of patents, as well as declarations of non-infringement of trade dress, no false advertising, no unfair competition, and no commercial torts. Two days later, on April 20, 2007, Meyer filed a complaint in the United States District Court for the Northern District of Georgia (Civil Case No. 1:07-CV-894) alleging patent infringement, trade dress infringement and unfair competition against Belk.

Defendants filed a "...Motion To Dismiss, Or Alternatively, To Transfer" (Document No. 11) on July 5, 2007. Defendants' motion principally contended that Plaintiffs' suit in this district was an obvious attempt to forum shop and that the "anticipatory declaratory judgment action" should be dismissed, or transferred to Georgia to join with the "substantive" claims filed there. On July 20, 2007, United States District Judge Beverly B. Martin, of the Northern District of Georgia, granted

2

Belk's motion in that case to transfer and ordered that the Georgia action be transferred to this district for a decision on where the litigation should proceed.

On July 27, 2007, Plaintiffs filed their "...Motion For Entry Of Default" (Document No. 20) contending that Defendants' motion to dismiss/transfer did not toll the time for them to answer or otherwise respond to the Complaint because it did not effectively articulate a 12(b) defense. On July 29, 2007, Defendants filed an "Answer And Counterclaim" (Document No. 23), and then on August 17, 2007, an "Amended Answer And Counterclaim" (Document No. 36).

On September 26, 2007, Judge Martin Reidinger granted the parties' joint motion to consolidate cases 3:07-CV-293-MR and 3:07-CV0168-DCK, finding that "[t]he cases involve the same parties, facts, and questions of law" and thereby ordered that the action which had been transferred from the Northern District of Georgia be consolidated with this case. (Document No. 42). Judge Reidinger's Order also noted that the parties had consented to Magistrate Judge jurisdiction.

On November 15, 2007, after holding a motions hearing on November 8, 2007, the undersigned denied the "Motion Of Defendants... To Dismiss, Or Alternatively, To Transfer" (Document No. 11) and denied as moot "Plaintiffs' Motion For Entry of Default" (Document No. 20).

Plaintiffs filed a "...Motion For Bifurcation Of Discovery And Adoption Of Amended Discovery Plan" (Document No. 50) on November 30, 2007, which was denied by Order (Document No. 78) of the undersigned on March 7, 2008, in favor of a regular discovery period that would allow for a more efficient process. Also on March 7, 2008, the Court issued a "Pretrial Order and Case Management Plan" (Document No. 79).

On March 18, 2008 and April 4, 2008, the currently pending motions to dismiss were filed.

## III. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). As recently explained by the Supreme Court:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, ... [f]actual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). The Court went on to hold that "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. The Supreme Court also added in another recent decision that

4

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Defendants' 12(b)(1) Motion To Dismiss**.

Defendants' partial motion to dismiss seeks to dismiss Plaintiffs' request in the "Amended Complaint" (Document No. 71) for a "Declaration Of Non-Infringement, Invalidity And Unenforceability..." of the Meyer patents in controversy in this case. Defendants contend that pursuant to Fed.R.Civ.P. 12(b)(1), the Court has no subject matter jurisdiction over the declaratory relief sought because the patents at issue here have been disclaimed, and thus there is no case or controversy.

There is no dispute that the patents challenged by Plaintiffs' "Amended Complaint" (Document No. 71) were disclaimed by the Defendants before the U.S. Patent and Trademark Office on or before March 13, 2008, and that Defendants promptly notified Plaintiffs that these patents were disclaimed. (Document No. 82-2). In describing the effect of such disclaimers on patents, both

5

parties cite supporting language from the same case: "the patent is viewed as though the disclaimed claims had never existed in the patent." Guinn v. Kopf, 96 F.3d 1419, 1422 (Fed. Cir. 1996), see also (Document No. 82 at 4 and Document No. 94 at 9).

Defendants contend that for the Court to have subject matter jurisdiction, there must be an actual case or controversy between the parties. (Document No. 82 at 3). They further contend that an action for declaratory judgment must state a "substantial controversy, between parties having adverse legal interests." Id., citing Medimmune v. Genentech, 549 U.S. 118, ___, 127 S.Ct. 764, 771 (2007). Defendants argue that since the patents have been disclaimed there is no controversy as to their validity, enforceability, or infringement.

> As plaintiff has formally disclaimed all claims of the patent, there is no longer a justiciable case or controversy before the Court with respect to the validity of any of those claims. Disclaimed claims cannot be revived, through reissue or otherwise. The patentee has no further right either to enforce the claims which have been disclaimed, or to obtain a reissue of any of those claims. Since all the claims have been disclaimed, the effect of plaintiff's action is the same as dedication of the patent to the public or abandonment. The Court, therefore, no longer has any jurisdiction with respect to the validity or invalidity of the patent.

W.L. Gore & Associates, Inc. v. Oak Materials Group, Inc., 424 F.Supp. 700, 702 (D.Del. 1976).

Plaintiffs filed a "...Memorandum In Response To Defendants' Partial Motion To Dismiss ...And In Support Of Plaintiff's Motion Pursuant to 12(b)(6)..." (Document No. 84). This response does not truly articulate any argument to refute Defendants' position that there is no subject matter jurisdiction over Count I of Plaintiffs' Amended Complaint. Rather, Plaintiffs seem to concede that the declaratory relief sought regarding infringement, enforceability and validity of the Defendants' patents should be dismissed. Plaintiffs' response "request[s] that this Court dismiss Defendants' patent infringement *and* Defendant's trade dress, unfair competition, false advertising and business

6

tort claims against Belk with prejudice." (Document No. 84 at 5) (Emphasis added). Thus, Plaintiffs seem to concede the patents are unenforceable, and focus instead on their argument that Defendants' other claims [for trade dress and unfair competition] are also unenforceable. (Document No. 94 at 10).

Instead of arguing that this Court still has subject matter jurisdiction over the relief Plaintiffs sought regarding the patents, Plaintiffs present an alternative argument that Defendants "unclean hands" and "inequitable conduct" require that their claims for trade dress and unfair competition be dismissed. Plaintiffs' alternative argument is addressed below. What is critical to Defendants' pending 12(b)(1) motion for partial dismissal is that the material jurisdictional facts are not in dispute, and that Plaintiff has not met its burden of proving that subject matter jurisdiction exists over the disclaimed patents. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Based on the foregoing, the undersigned will grant Defendants' motion to dismiss Plaintiffs' request for "Declaration of Non-Infringement, Invalidity And Unenforceability Of U.S. Patent Nos. D507,931, D505,046, D497,513, And D493,061."

**B. Plaintiffs' 12(b)(6) Motion To Dismiss**.

In response to Defendants' 12(b)(1) motion, Plaintiffs filed a cross motion pursuant to 12(b)(6) and a supporting memorandum, (Document Nos. 83-84), wherein Plaintiffs seek dismissal of Defendants' counterclaims for trade dress and unfair competition. As explained above, Plaintiffs' response declines to truly present arguments specifically rebutting Defendants' 12(b)(1) motion to dismiss; instead, Plaintiffs allege that Defendants' prosecution of its patents "taints and renders

unenforceable the related trade dress and unfair competition claims that now form the sole basis of Meyers' counterclaim against Belk." (Document No. 84 at 7).

Plaintiffs equate Defendants' concession that its patents are not enforceable with inequitable conduct or unclean hands. Citing Keystone Driller Co. v. General Excavator Co., 290 U.S. 240 (1933), Plaintiffs conclude that Defendants' alleged inequitable conduct in pursuing and defending their patents is sufficiently related to their claims under trade dress and unfair competition that those claims should simply be dismissed. Plaintiffs argue that "Meyer, having conceded the unenforceability of its patents, cannot now seek the aid of this court in continuing its inequitable activities under the guise of 'trade dress' and unfair competition claims." (Document No. 84 at 2).

The undersigned disagrees. The Court does not find a sufficient factual basis to presume that Defendants' disclaiming of patents is proof of inequitable conduct, fraud or unclean hands; nor is such analysis appropriate at this early stage of the litigation. (Document No. 84 at 2-3).

Plaintiffs' argument for dismissal of the counterclaims relies on the supposition that there was in fact inequitable conduct, and that it is significantly related to the counterclaims. However, Plaintiffs' motion is brought under a Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Although Plaintiffs bring their motion to dismiss pursuant to Rule 12(b)(6), they provide no discussion of that standard or its application to their motion. (Document Nos. 83-84). As explained above, a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). The question then for now is whether Defendants' "... Amended Counterclaims" (Document

No. 80) assert a legally sufficient complaint as to claims for trade dress misappropriation and unfair competition.

In the instant case, the undersigned finds that Defendants pleadings raise a right to relief beyond the speculative level, and will not attempt to resolve factual disputes, including whether previous conduct of Defendants was inequitable, at this stage of the litigation. It is enough that Defendants have adequately stated a claim. Plaintiffs press the Court in their reply brief to convert their 12(b)(6) motion to one for summary judgment. (Document No. 94). The Court in its discretion will decline that opportunity and rely on the pleadings to reach a decision on the pending motion. In sum, the high standard for dismissal under 12(b)(6) precludes the Court from dismissing Defendants' claims for trade dress misappropriation and unfair competition.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Meyers' Partial Motion To Dismiss Plaintiffs' Amended Complaint For Declaratory Judgment Pursuant to Fed.R.Civ.P. 12(b)(1)" (Document No. 81) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Plaintiffs' Motion Pursuant To 12(b)(6) Fed.R.Civ.P. To Dismiss Defendants' Trade Dress And Unfair Competition Claims" (Document No. 83) is **DENIED**.

Signed: July 3, 2008

David C. Keesler
United States Magistrate Judge