# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BELK, INC., and BELK INTERNATIONAL, INC. <br><br> Plaintiffs, <br><br> v. <br><br> MEYER CORPORATION, U.S., and MEYER INTELLECTUAL PROPERTIES LIMITED <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action. No. 3:07-cv-00168 |

## PLAINTIFFS BELK, INC. AND BELK INTERNATIONAL, INC.'S REQUESTS FOR DOCUMENTS AND THINGS TO DEFENDANTS MEYER CORPORATION, U.S. AND MEYER INTELLECTUAL PROPERTIES LIMITED PURSUANT TO FED.R.CIV.P. 34

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Belk, Inc. and Belk International, Inc. (collectively "Belk"), propound the following requests for documents and things to Defendants, Meyer Corporation, U.S. and Meyer Intellectual Properties Limited (collectively "Meyer") to be answer fully in writing and under oath, by an officer or agent within 30 days after service hereof, in accordance with the provisions of Rule 34 of the Federal Rules of Civil Procedure:

## DEFINITIONS

A. The term "Plaintiffs" means Belk, In., Belk International, Inc. (collectively, "Belk") as well as any parents, subsidiaries, divisions, affiliates, successors, and assigns and all of its current

1

and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys, and representatives.

B.    The term "Defendants" means Meyer Corporation, U.S. and Meyer Intellectual Properties Limited (collectively "Meyer") as well as any parents, subsidiaries, divisions, affiliates, successors, and assigns and all of its current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys, and representatives.

C.    The term "person" refers to both natural persons and to corporate and other business, governmental, or organizational entities (including Meyer), and the acts of a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

D.    The terms "document," "documents," or "documentation" refer to any and all tangible items or sources of information within the meaning of Fed. R. Civ. P. 34, whether original or nonidentical copies of such items, in both final and draft form, of every kind and nature whatsoever, that are within Meyer's possession, custody, or control, or that are known by Meyer to exist. These terms include, but are not limited to, the following materials: any and all papers, documents, correspondence, letters, electronic mail, manuals, computer disks, data, photographs, videos, surveys, drawings, films, schematics, computer generated information, website information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, databases, reports, or any other papers or writings or communications or summaries thereof, as well as physical models, physical embodiments, and prototypes.

E.    The term "identify," when used with reference to a document, means to set forth the date, author or originator, addresses, recipients, type of document, present custodian of the document, and general subject matter of the document.

2

F.     The term "identify," when used with reference to a natural person, means to state the person's (i) full name: (ii) present or last known home address; (iii) present or last known occupation and title; (iv) present or last known employer and business address; and (v) present or last known home and business telephone numbers.

G.     The term "date" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

H.     The term "relating" means analyzing, assessing, comprising, containing, constituting, describing, discussing, establishing, evidencing, identifying, including, referring, regarding, reflecting, recording, stating, or having any connection with.

I.     The term "Meyer Cookware" refers to any cookware in which Meyer claims any intellectual property and in relation to which Meyer contends such intellectual property is infringed by any act by or on behalf of Belk.

J.     With respect to any request, the information sought is that which is current to the date of the response, unless otherwise stated in a particular request, but these requests shall be deemed continuing so that with respect to any request, or part thereof, as to which Defendants after answering, acquires additional knowledge or information, Plaintiffs requests that Defendants serve supplemental answers within thirty (30) days after acquiring such additional knowledge or information.

K.     Where a request or interrogatory seeks the identification of documents, things, or other information not within the Defendants' actual or constructive possession, custody, or control, or knowledge, Defendants shall so state and shall answer the request or interrogatory to the extent of its knowledge or belief based on the best information presently available, all such persons,

3

together with a brief summary of the nature of the document, things, or other information believed to be known to such persons.

## REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 1:**     All correspondence to or from any third party and relating to any claim of ownership in, or intellectual property or infringement relating to, the Meyer Cookware.

**Request No. 2:**     All advertising and promotional copy, press releases, and the like including text, graphics or a combination of the two and relating or referring to the Meyer cookware.

**Request No. 3:**     All packaging in which any Meyer Cookware has ever been packaged for display and sale.

**Request No. 4:**     All written descriptions of the Meyer Cookware.

**Request No. 5:**     All patent applications describing, disclosing or claiming any aspect of the Meyer Cookware.

**Request No. 6:**     All descriptions, drawings, explanations and diagrams from Meyer Cookware or anyone on its behalf to the manufacturer of the Meyer Cookware.

4

**Request No. 7:**     All tangible embodiments of any sales presentation, exhibit or display regarding the Meyer Cookware, including any PowerPoint or similar video or graphical presentations.

**Request No. 8:**     All documents referring or relating to any function performed by the Meyer Cookware or any component part thereof.

**Request No. 9:**     All documents and things relating to any rollout, point-of-sale consumer blitz, signage, packaging, in-store events, point-of-purchase or video loops relating to the Meyer Cookware, including any video loops featuring Jacques Pepin, and any fixture enhacements with plaques and toppers.

**Request No. 10:**     All documents referring or relating to the development of the Meyer Cookware during its 10 years of development.

**Request No. 11:**     All documents relating to a consumer need for hard-anodized cookware such the Meyer Cookware.

**Request No. 12:**     All documents relating to Meyers' own in-house research relating to the Meyer Cookware, including any results of surveys, interviews or focus groups relating to the Meyer Cookware, or any samples, prototypes, or earlier cookware products from which the Meyer Cookware may have been derived.

5

**Request No. 13:** All documents relating or referring to Belk and also referring in any manner to the Meyer Cookware.

**Request No. 14:** All documents referring or relating to any agreement between Meyer and any third party relating to the licensing, purchase or sale of any intellectual property rights in any cookware product, including but not limited to Meyer Cookware.

**Request No. 15:** All documents referring or relating to any settlement of any dispute between Meyer and any third party relating to any intellectual property rights in any cookware product, including but not limited to Meyer Cookware, without regard to whether the claimed intellectual property rights were alleged to be owned by Meyer or such third party.

**Request No. 16:** All documents referring or relating to any litigation or any threatened litigation between Meyer and any third party relating to any intellectual property rights in any cookware product, including but not limited to Meyer Cookware, without regard to whether the claimed intellectual property rights were alleged to be owned by Meyer or such third party, including correspondence between Meyer and such third party, or between Meyer's attorneys and such third party or attorneys for such third party.

**Request No. 17:** All reports, opinions, including but not limited to expert reports relating to alleged similarity between any Meyer Cookware product and any cookware product of any third party.

6

**Request No. 18:** All reports, opinions, including but not limited to expert reports relating to any profits, damages or other claimed recovery in any action between Meyer and any third party and relating to either a Meyer Cookware product any cookware product of any such third party.

**Request No. 19:** All documents referring or relating to, or identifying the date when the Meyer Cookware was first offered for sale; was first known or used in the United States; or was first patented or published in a printed publication anywhere in the world.

**Request No. 20:** All documents comprising written, graphical or image archives of cookware designs wherein the cookware designs include any design feature relating to pots, pans; lid, side or stick handles of pots and pans; lids; or rubber or silicone coverings for lid, side or stick handles of pots and pans.

This the _14th_ day of April, 2008.

Respectfully submitted,

W. Thad Adams, III (NC Bar No. 0020)
Attorney for Plaintiffs

OF COUNSEL:

W. Thad Adams, III
ADAMS INTELLECTUAL PROPERTY LAW, P.A.
201 South College Street
Suite 2350 Charlotte Plaza
Charlotte, North Carolina 28244
Phone: (704) 375-9249
Fax: (704) 375-0729
wta@adamspat.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon Defendants Meyer Corporation, U.S. and Meyer Intellectual Properties Limited via e-mail and United Sates mail, first-class mail postage prepaid to the following attorneys of record:

> Andrew S. Chamberlin
> Alex J. Hagan
> ELLIS & WINTERS
> P.O. Box 33550
> Raleigh, Norht Carolina 27636
> andrew.chamberlin@elliswinters.com
> alex.hagan@elliswinters.com

And by depositing copies of the same in the United States mail, first-class mail postage prepaid, addressed as follows:

> Allan J. Sternstein
> Dean N. Dickie
> Renee L. Zipprich
> DYKEMA GOSSETT PLLC
> 10 South Wacker Drive
> 23rd Floor
> Chicago, Illinois 60606

This the 14th day of April, 2008.

Respectfully submitted,

W. Thad Adams, III (NC Bar No. 0020)
Attorney for Plaintiffs

OF COUNSEL:

W. Thad Adams, III
ADAMS INTELLECTUAL PROPERTY LAW, P.A.
201 South College Street
Suite 2350 Charlotte Plaza
Charlotte, North Carolina 28244
Phone: (704) 375-9249
Fax: (704) 375-0729
wta@adamspat.com

8