# EXHIBIT 5

|  |  |
|---|---|
| BELK, INC., and<br>BELK INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MEYER CORPORATION, U.S., and<br>MEYER INTELLECTUAL PROPERTIES<br>LIMITED<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action. No. 3:07-cv-00168 |

**PLAINTIFFS BELK, INC. AND BELK INTERNATIONAL, INC.'S
RESPONSES TO DEFENDANTS MEYER CORPORATION, U.S. AND
MEYER INTELLECTUAL PROPERTIES LIMITED'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Belk, Inc. and Belk

International, Inc. (hereinafter "Belk"), by their attorneys Adams Intellectual Property Law, P.A.

hereby respond to the First Set of Interrogatories propounded by Defendants Meyer Corporation,

U.S. and Meyer Intellectual Properties Limited (hereinafter "Meyer").

### GENERAL OBJECTIONS

Belk generally objects to Meyer's interrogatories to the extent that they seek documents

and/or things beyond the scope of discovery pursuant to Fed. R. Civ. P. 26. Belk generally objects

to Meyer's interrogatories to the extent that they seek discovery of information that is immune from

1

production as attorney work product and/or attorney-client privileged. In addition, Belk generally objects to Meyer's interrogatories to the extent that they are vague, overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Belk further generally objects to Meyer's interrogatories to the extent that they seek information that is confidential, proprietary and/or commercially sensitive in nature. Defendants will produce such information, if responsive to a request not otherwise objectionable, designated as "confidential" and/or "attorneys' eyes only" pursuant to the terms of the Stipulated Joint Protective Order, once such an Order has been entered in this action. Belk objects to Meyer's instructions to the extent they require Belk to provide anything that is not required under the Federal Rules of Civil Procedure, or to respond in a manner not required by the Federal Rules of Civil Procedure. Belk reserves the right to amend all of its responses to these interrogatories as discovery continues in this case.

Belk further objects on the grounds that there are three lines of Belk "Biltmore" cookware, only one of which has handles that include a silicone protective covering. These answers relate only to that specific line of cookware, but not any others, and any response to a request referring to "the Biltmore line of cookware", "line of cookware", "Biltmore Products", "Accused Products" and similar references refers only to cookware having a silicone protective handle generally as represented in the photograph provided by Meyer and associated with Request for Admission No. 9. Without waiving these general objections as to any request, Belk provides the following specific responses and objections to each interrogatory.

Belk further objects on the grounds that there are three lines of Belk "Biltmore" cookware, only one of which has handles that include a silicone protective covering. These responses to interrogatories relate only to that specific line of cookware, but not any others, and any response to

2

a request referring to "the Biltmore line of cookware", "line of cookware", "Biltmore Products" and similar references refers only to cookware having a silicone protective handle generally as represented in the photograph provided by Meyer and associated with Request No. 9, infra.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1.** State the full factual basis and explanation for Plaintiff's contentions, if any, that the Accused Products do not infringe Meyer's trade dress rights, including without limitation, any factual basis and support for the allegations in paragraph 20 of the complaint that the protected features of Meyer's trade dress are functional, that the accused products are significantly distinct, that Meyer's trade dress is not inherently distinctive, and that Meyer's trade dress has not acquired secondary meaning. A complete answer will state each element of the accused Products claimed to be functional and will state the corresponding function, as well as stating the elements of the Accused Products claimed to be generic.

**Response:**

Belk reserves the right to supplement this interrogatory, and Meyer is directed to its own promotional material for a relatively complete description of the functional characteristics of its own products.

|  | Belk's Biltmore Cookware | Meyer's Anolon Advanced Cookware |
|---|---|---|
| Finish | Mirror -polished reflective Stainless Steel | Dull, matte, non-reflective aluminum |
| Stick Handle | top relatively straight | top distinctly convex |
|  | hook hole very triangular | hook hole rounded rectangle |

3

|  | | |
|---|---|---|
|  | outer end of hook approximately ½ thickness of remainder of handle | outer end of hook approximately 1/4 thickness of remainder of handle |
|  | hook tapers outwardly towards its free end; no flat end; no logo | hook same thickness over entire length; flat end with Anolon logo |
|  | bottom of handle contoured | bottom of handle concave |
| Attachment of Stick Handle to Pot | rivets large in relation to size of attachment bracket | rivets small in relation to size of attachment bracket |
|  | bracket has center gap where it does not touch pot | bracket touches pot along entire length |
|  | bracket is rounded on ends | bracket is almost square on ends |
|  | bracket mounted close to top of pot | bracket mounted more towards center of pot depth |
|  | axial surface of rivet is rounded | axial surface of rivet is relatively flat |
|  | silicone is black and extreme contrast with pot finish | silicone is green and matches color and finish of pot |
|  | angle between hook and handle is obtuse | angle between hook and handle is acute |
| Pot Rim | rim is flared outwardly 90 degrees to plane of sidewalls with no separate pour spouts | rim is not flared, but has opposed pour spouts. |
| Pot Bottom | prominent taper from bottom of sidewall to pot bottom | minimal taper from bottom of sidewall to pot bottom |
|  | copper heat transfer layer prominently visible on taper | no copper heat transfer layer visible |
|  | "Biltmore" TM prominent on bottom of pot | "Anolon" TM prominent on bottom of pot |
|  | "Made in China" prominent on bottom of pot | No country of origin on bottom of pot (or anywhere else) |
| Lid | Lid handle relatively small | Lid handle relatively large |

4

| | Silicone colored black with extreme contrast to pot finish | Silicone colored green with matte finish to match dull green pot finish |
|---|---|---|
| | Vent hole | No vent hole |
| Side "Helper" Handle | Side handle relatively small | Side handle relatively large |
| | Silicone colored black with extreme contrast with stainless steel finish on pot | Silicone colored dull green matte finish to match dull green pot finish |

Functions of the cookware elements.

Each of the above-identified elements, and their shapes, are functional.

The pots themselves contain food and/or liquid and transfer heat from an external source to the foot and/or liquid. The stainless steel of the Belk Biltmore cookware resists staining, is easy to clean, relatively inexpensive to manufacture with well-known manufacturing techniques, conducts heat well, and can be made of relatively thin material, thus reducing its weight. The aluminum from which the Meyer Anolon cookware is fabricated conducts heat well. The surface finish is advertised by Meyer as permitting the Anolon cookware to be cleaned in an automatic dishwasher–traditionally a disadvantage of other aluminum cookware. Meyer promotes the Anolon cookware as having a non-stick surface, even heating, an easy to clean exterior and stay-cool handles–all functional features.

The stick handle, side handle and lid handle each have a metal core for strength and a cover of silicone to insulate the metal, heated by conduction from the pot, to enable the pot to be held and moved while hot. The stick handles have a thin, lightweight tubular metal core, and function to

5

reduce weight, but the thinness of the metal also means that the handle heats quickly, thus requiring some form of insulating covering, thus the provision of the silicone covering on the metal core.

The hook holes function to enable the pot to be suspended from a hook when being stored. The reduced thickness of the hook area on the end of the handles permits use of a smaller hook. The contours of the stick handle, although different in shape as between the Belk and Meyer cookware, facilitate a comfortable, secure grasp. The side handle and lid handles have enlarged central areas to facilitate a comfortable, secure grasp and to reduce the tendency of the handle to rotate in the hand.

The stick handle attachment bracket functions to attach the stick handle to the pot, together with the rivets. The rivets are round in order to evenly distribute stresses and expansion caused by heating and cooling. The attachment brackets are longer that they are wide in order to provide sufficient distance between the rivets to prevent or reduce twisting stresses on the handle by the pot, particularly when full.

The taper on the bottom of the Belk Biltmore pot permits a bottom that matches the size of a conventional burner while allowing the pot diameter to be wider and therefore hold a greater volume of contents than would otherwise be the case. The copper layer on the bottom of the Belk Biltmore cookware promotes even heat distribution across the bottom of the pot and eliminates or reduces hot spots.

The side or "helper" handle permits a heavy pot to be lifted from both sides, reducing stress on the hand and wrist of the hand on the stick handle while promoting safe, balanced lifting and moving of the cookware. The handle on the lid permits the lid to be removed from and placed onto the cookware without being burned on the hot glass or steel rim. The glass itself permits the contents

6

of the cookware to be observed without removing the lid, which would allow heat and flavors to escape, thus increasing cooking time, wasting energy and reducing the flavor of the food being cooked. The vent hole in the Belk Biltmore glass lids permits a slight amount of venting to reduce pressure in the pot without significantly affecting the cooking process. In some recipes, such as rice, removing the lid during cooking may promote uneven cooking or cause the rice grains to clump together. See http://busycooks.about.com/od/quicktips/qt_perfectrice.htm.

The flare on the edge of the rim on the Belk Biltmore cookware and the pour spouts on the Meyer cookware facilitate pouring liquid contents from the pot.

While attractive, the overall design and appearance of the Belk Biltmore and Meyer Anolon cookware is governed principally by functional considerations. The table set out above clearly demonstrates that the Belk Biltmore and Meyer Anolon cookware are significantly distinct in appearance, and that such similarities as may exist are governed principally by functional considerations. "Secondary meaning" cannot exist with relation to functional characteristics, and the elements of the Meyer Anolon cookware are commonly used by many cookware manufacturers for the same or similar functions. Moreover, seeking design patent protection for the Anolon amounts to an admission that the design shown in the drawings of such patents relates to a "useful article", particularly since in its design applications it disclaimed all of the subject matter shown except for the silicone stick, side and lid handles by placing the disclaimed subject matter in phantom lines. As described above, the silicone handles in each case function to prevent the user from injury by insulating the hot metal core of the handles from contact with the user's hands. The metal handles themselves function to permit the pot and lid to be manipulated, and the bulge, or enlarged area, in the center of the handle functions to provide a safer, more comfortable grip that resists

7

rotation in the hand. Finally, Meyer is equitably estopped to claim protection equivalent to protection originally sought and now disclaimed by its statutory design patent disclaimers recently filed.

**Interrogatory No. 2.** State the full factual basis and explanation and identify all documents and witnesses supporting each of Plaintiff's Affirmative Defenses.

**Response:**

Belk reserves the right to supplement this interrogatory, and Meyer is directed to its own promotional material for a relatively complete description of the functional characteristics of its own products.

| | Belk's Biltmore Cookware | Meyer's Anolon Advanced Cookware |
|---|---|---|
| Finish | Mirror -polished reflective Stainless Steel | Dull, matte, non-reflective aluminum |
| Stick Handle | top relatively straight | top distinctly convex |
| | hook hole very triangular | hook hole rounded rectangle |
| | outer end of hook approximately ½ thickness of remainder of handle | outer end of hook approximately 1/4 thickness of remainder of handle |
| | hook tapers outwardly towards its free end; no flat end; no logo | hook same thickness over entire length; flat end with Anolon logo |
| | bottom of handle contoured | bottom of handle concave |
| Attachment of Stick Handle to Pot | rivets large in relation to size of attachment bracket | rivets small in relation to size of attachment bracket |
| | bracket has center gap where it does not touch pot | bracket touches pot along entire length |
| | bracket is rounded on ends | bracket is almost square on ends |

8

|  | bracket mounted close to top of pot | bracket mounted more towards center of pot depth |
|---|---|---|
|  | axial surface of rivet is rounded | axial surface of rivet is relatively flat |
|  | silicone is black and extreme contrast with pot finish | silicone is green and matches color and finish of pot |
|  | angle between hook and handle is obtuse | angle between hook and handle is acute |
| Pot Rim | rim is flared outwardly 90 degrees to plane of sidewalls with no separate pour spouts | rim is not flared, but has opposed pour spouts. |
| Pot Bottom | prominent taper from bottom of sidewall to pot bottom | minimal taper from bottom of sidewall to pot bottom |
|  | copper heat transfer layer prominently visible on taper | no copper heat transfer layer visible |
|  | "Biltmore" TM prominent on bottom of pot | "Anolon" TM prominent on bottom of pot |
|  | "Made in China" prominent on bottom of pot | No country of origin on bottom of pot (or anywhere else) |
| Lid | Lid handle relatively small | Lid handle relatively large |
|  | Silicone colored black with extreme contrast to pot finish | Silicone colored green with matte finish to match dull green pot finish |
|  | Vent hole | No vent hole |
| Side "Helper" Handle | Side handle relatively small | Side handle relatively large |
|  | Silicone colored black with extreme contrast with stainless steel finish on pot | Silicone colored dull green matte finish to match dull green pot finish |

Functions of the cookware elements.

Each of the above-identified elements, and their shapes, are functional.

9

The pots themselves contain food and/or liquid and transfer heat from an external source to the food and/or liquid. The stainless steel of the Belk Biltmore cookware resists staining, is easy to clean, relatively inexpensive to manufacture with well-known manufacturing techniques, conducts heat well, and can be made of relatively thin material, thus reducing its weight. The aluminum from which the Meyer Anolon cookware is fabricated conducts heat well. The surface finish is advertised by Meyer as permitting the Anolon cookware to be cleaned in an automatic dishwasher–traditionally a disadvantage of other aluminum cookware. Meyer promotes the Anolon cookware as having a non-stick surface, even heating, an easy to clean exterior and stay-cool handles–all functional features.

The stick handle, side handle and lid handle each have a metal core for strength and a cover of silicone to insulate the metal, heated by conduction from the pot, to enable the pot to be held and moved while hot. The stick handles have a thin, lightweight tubular metal core, and function to reduce weight, but the thinness of the metal also means that the handle heats quickly, thus requiring some form of insulating covering, thus the provision of the silicone covering on the metal core.

The hook holes function to enable the pot to be suspended from a hook when being stored. The reduced thickness of the hook area on the end of the handles permits use of a smaller hook. The contours of the stick handle, although different in shape as between the Belk and Meyer cookware, facilitate a comfortable, secure grasp. The side handle and lid handles have enlarged central areas to facilitate a comfortable, secure grasp and to reduce the tendency of the handle to rotate in the hand.

The stick handle attachment bracket functions to attach the stick handle to the pot, together with the rivets. The rivets are round in order to evenly distribute stresses and expansion caused by

10

heating and cooling. The attachment brackets are longer that they are wide in order to provide sufficient distance between the rivets to prevent or reduce twisting stresses on the handle by the pot, particularly when full.

The taper on the bottom of the Belk Biltmore pot permits a bottom that matches the size of a conventional burner while allowing the pot diameter to be wider and therefore hold a greater volume of contents than would otherwise be the case. The copper layer on the bottom of the Belk Biltmore cookware promotes even heat distribution across the bottom of the pot and eliminates or reduces hot spots.

The side or "helper" handle permits a heavy pot to be lifted from both sides, reducing stress on the hand and wrist of the hand on the stick handle while promoting safe, balanced lifting and moving of the cookware. The handle on the lid permits the lid to be removed from and placed onto the cookware without being burned on the hot glass or steel rim. The glass itself permits the contents of the cookware to be observed without removing the lid, which would allow heat and flavors to escape, thus increasing cooking time, wasting energy and reducing the flavor of the food being cooked. The vent hole in the Belk Biltmore glass lids permits a slight amount of venting to reduce pressure in the pot without significantly affecting the cooking process. In some recipes, such as rice, removing the lid during cooking may promote uneven cooking or cause the rice grains to clump together. See http://busycooks.about.com/od/quicktips/qt/perfectrice.htm.

The flare on the edge of the rim on the Belk Biltmore cookware and the pour spouts on the Meyer cookware facilitate pouring liquid contents from the pot.

While attractive, the overall design and appearance of the Belk Biltmore and Meyer Anolon cookware is governed principally by functional considerations. The table set out above clearly

11

demonstrates that the Belk Biltmore and Meyer Anolon cookware are significantly distinct in appearance, and that such similarities as may exist are governed principally by functional considerations. "Secondary meaning" cannot exist with relation to functional characteristics, and the elements of the Meyer Anolon cookware are commonly used by many cookware manufacturers for the same or similar functions. Moreover, seeking design patent protection for the Anolon amounts to an admission that the design shown in the drawings of such patents relates to a "useful article", particularly since in its design applications it disclaimed all of the subject matter shown except for the silicone stick, side and lid handles by placing the disclaimed subject matter in phantom lines. As described above, the silicone handles in each case function to prevent the user from injury by insulating the hot metal core of the handles from contact with the user's hands. The metal handles themselves function to permit the pot and lid to be manipulated, and the bulge, or enlarged area, in the center of the handle functions to provide a safer, more comfortable grip that resists rotation in the hand. Finally, Meyer is equitably estopped to claim protection equivalent to protection originally sought and now disclaimed by its statutory design patent disclaimers recently filed.

**Interrogatory No. 3.** Identify all opinions, studies or surveys (oral or written) that were sought, rendered, or received by Defendant, or anyone acting on its behalf, relating to the patentability, scope, infringement, validity, or enforceability of the disclaimed patents referred to in the complaint, or the appearance of any Accused Product or Meyer cookware product. A complete answer will include identifying whether such opinion was written or oral; an identification of the substance and subject matter(s) of each such opinion was written or oral; an identification of the

12

substance and subject matter(s) of each such opinion, including specific conclusions and opinions, as well as the facts set forth in the opinions; an identification of the date upon which each such opinion was sought, rendered, and received; an identification of all persons involved in seeking, rendering and receiving each such opinion; an identification of each person who rendered each such opinion; and an identification of whether Defendant will rely on each such opinion.

**Response:**

Belk has no opinions, studies or surveys (oral or written) that were sought, rendered, or received by Defendant, or anyone acting on its behalf, relating to the patentability, scope, infringement, validity, or enforceability of the disclaimed patents referred to in the complaint, or the appearance of any Accused Product or Meyer cookware product.


**Interrogatory No. 4.** Identify, by product name, product number, and any other indicia used by Belk, all Accused Products made, sold, or imported into the United States by plaintiffs. For each product identified, provide a detailed written description of the physical characteristics of the product, as well as the dates of design, production, importation, and first and last sale to the public of each product.

**Response:**

Please see the Response to Interrogatory No. 2, which is incorporated by reference. Dates of design, production, importation, and first sale to the public are ascertainable by reference to documents to be produced by Belk in due course. There is no date of "last" sale, since the Accused Products are still being offered for sale by Belk.

13

**Interrogatory No. 5.** Separately for each product identified in response to Interrogatory No. 3, separately state the number and total dollar value of Belk's sales and projected sales for each product in the United States, broken out on a yearly basis, together with the corresponding price, cost and profit for each product.

**Response:**

Belk will provide this information upon entry of a suitable protective order. Until such time, Belk objects on the ground that the information comprises sensitive confidential commercial information.

**Interrogatory No. 6.** Separately for each product identified in response to Interrogatory No. 3, identify the three persons most knowledgeable about the following (listed from most knowledgeable to least knowledgeable): 1) the design of each such product, 2) the development of each such product, 3) any testing or studies of each such product, 4) the marketing of each such product, including any opinion surveys, 5) the advertising of each such product, 6) the sales of each such product, 7) the import of each such product into the United States, and 8) the decision to make, sell, and/or offer to sell each such product, 9) the decision to not sell Meyer's Anolon Advanced line of cookware; and describe in detail each such person's involvement with the product.

**Response:**

Because of the organizational structure of Belk and the nature of the job functions of its relevant employees, it is not possible to separate out and identify individuals in the manner requested. To the extend possible, Belk identifies the following individuals:

14

1.   · Glen Kelly, Paul Thum Suden, and Roxanne Spivey;

2.   Glen Kelly, Paul Thum Suden, and Roxanne Spivey;

3.   Grace Brummel;

4.   Glen Kelly, Paul Thum Suden and Chris Eliason;

5.   Jeff Beard, Tony Parks, and Bill Roberts;

6.   Glen Kelly, Paul Thum Suden and Chris Eliason;

7.   Glen Kelly, Paul Thum Suden and Denise Wilson;

8.   Bill Roberts, Jeff Beard, and Tony Parks.

9.   None.

Belk objects to the portion of the interrogatory requesting it to "describe in detail each person's involvement with the product" as being unduly burdensome. If Meyer wishes such information, it may depose such individuals as it desires, subject to any applicable objections as may appear appropriate at such time.

**Interrogatory No. 7.** If you answered any of the requests for admission in Meyer's First Set of Requests for Admissions with anything other than an unequivocal admission, describe in detail the reasons for not admitting the request and describe and identify all facts, documents, and witnesses that support your answer to each such request.

**Response:**

The reasons why Belk denied Requests for Admission Nos. 6 and 12-18 are set out below. Documents relating and supporting these answers will be produced. Belk has not yet determined the identify of witnesses except as previously identified in its initial disclosures.

15

| | Belk's Biltmore Cookware | Meyer's Anolon Advanced Cookware |
|---|---|---|
| Finish | Mirror -polished reflective Stainless Steel | Dull, matte, non-reflective aluminum |
| Stick Handle | top relatively straight | top distinctly convex |
| | hook hole very triangular | hook hole rounded rectangle |
| | outer end of hook approximately ½ thickness of remainder of handle | outer end of hook approximately 1/4 thickness of remainder of handle |
| | hook tapers outwardly towards its free end; no flat end; no logo | hook same thickness over entire length; flat end with Anolon logo |
| | bottom of handle contoured | bottom of handle concave |
| Attachment of Stick Handle to Pot | rivets large in relation to size of attachment bracket | rivets small in relation to size of attachment bracket |
| | bracket has center gap where it does not touch pot | bracket touches pot along entire length |
| | bracket is rounded on ends | bracket is almost square on ends |
| | bracket mounted close to top of pot | bracket mounted more towards center of pot depth |
| | axial surface of rivet is rounded | axial surface of rivet is relatively flat |
| | silicone is black and extreme contrast with pot finish | silicone is green and matches color and finish of pot |
| | angle between hook and handle is obtuse | angle between hook and handle is acute |
| Pot Rim | rim is flared outwardly 90 degrees to plane of sidewalls with no separate pour spouts | rim is not flared, but has opposed pour spouts. |
| Pot Bottom | prominent taper from bottom of sidewall to pot bottom | minimal taper from bottom of sidewall to pot bottom |
| | copper heat transfer layer prominently visible on taper | no copper heat transfer layer visible |

16

| | "Biltmore" TM prominent on bottom of pot | "Anolon" TM prominent on bottom of pot |
|---|---|---|
| | "Made in China" prominent on bottom of pot | No country of origin on bottom of pot (or anywhere else) |
| Lid | Lid handle relatively small | Lid handle relatively large |
| | Silicone colored black with extreme contrast to pot finish | Silicone colored green with matte finish to match dull green pot finish |
| | Vent hole | No vent hole |
| Side "Helper" Handle | Side handle relatively small | Side handle relatively large |
| | Silicone colored black with extreme contrast with stainless steel finish on pot | Silicone colored dull green matte finish to match dull green pot finish |

Functions of the cookware elements.

Each of the above-identified elements, and their shapes, are functional.

The pots themselves contain food and/or liquid and transfer heat from an external source to the foot and/or liquid. The stainless steel of the Belk Biltmore cookware resists staining, is easy to clean, relatively inexpensive to manufacture with well-known manufacturing techniques, conducts heat well, and can be made of relatively thin material, thus reducing its weight. The aluminum from which the Meyer Anolon cookware is fabricated conducts heat well. The surface finish is advertised by Meyer as permitting the Anolon cookware to be cleaned in an automatic dishwasher–traditionally a disadvantage of other aluminum cookware.

The stick handle, side handle and lid handle each have a metal core for strength and a cover of silicone to insulate the metal, heated by conduction from the pot, to enable the pot to be held and moved while hot. The stick handles are lightweight tubular metal and function to reduce weight but

17

also heat quickly, thus requiring some form of insulating covering, thus the provision of the silicone covering on the metal core.

The hook holes function to enable the pot to be suspended from a hook when being stored. The reduced thickness of the hook area on the end of the handles permits use of a smaller hook. The contours of the stick handle, although different in shape as between the Belk and Meyer cookware, facilitate a comfortable, secure grasp. The side handle and lid handles have enlarged central areas to facilitate a comfortable, secure grasp and to reduce the tendency of the handle to rotate in the hand.

The stick handle attachment bracket functions to attach the stick handle to the pot, together with the rivets. The rivets are round in order to evenly distribute stresses and expansion caused by heating and cooling. The attachment brackets are longer that they are wide in order to provide sufficient distance between the rivets to prevent or reduce twisting stresses on the handle by the pot, particularly when full.

The taper on the bottom of the Belk Biltmore pot permits a bottom that matches the size of a conventional burner while allowing the pot diameter to be wider and therefore hold a greater volume of contents than would otherwise be the case. The copper layer on the bottom of the Belk Biltmore cookware promotes even heat distribution across the bottom of the pot and eliminates or reduces hot spots.

The side or "helper" handle permits a heavy pot to be lifted from both sides, reducing stress on the hand and wrist of the hand on the stick handle while promoting safe, balanced lifting and moving of the cookware. The handle on the lid permits the lid to be removed from and placed onto the cookware. The glass itself permits the contents of the cookware to be observed without

18

removing the lid, which would allow heat and flavors to escape, thus increasing cooking time, wasting energy and reducing the flavor of the food being cooked. The vent hole in the Belk Biltmore glass lids permits a slight amount of venting to reduce pressure in the pot without significantly affecting the cooking process. In some recipes, such as rice, removing the lid during cooking may promote uneven cooking or cause the rice grains to clump together. See http://busycooks.about.com/od/quicktips/qt/perfectrice.htm.

The flare on the edge of the rim on the Belk Biltmore cookware and the pour spouts on the Meyer cookware facilitate pouring liquid contents from the pot.

While attractive, the overall design and appearance of the Belk Biltmore and Meyer Anolon cookware is governed principally by functional considerations. The table set out above clearly demonstrates that the Belk Biltmore and Meyer Anolon cookware are significantly distinct in appearance, and that such similarities as may exist are governed principally by functional considerations. "Secondary meaning" cannot exist with relation to functional characteristics, and the elements of the Meyer Anolon cookware are commonly used by many cookware manufacturers for the same or similar functions. Moreover, seeking design patent protection for the Anolon amounts to an admission that the design shown in the drawings of such patents relates to a "useful article", particularly since in its design applications it disclaimed all of the subject matter shown except for the silicone stick, side and lid handles by placing the disclaimed subject matter in phantom lines. As described above, the silicone handles in each case function to prevent the user from injury by insulating the hot metal core of the handles from contact with the user's hands. The metal handles themselves function to permit the pot and lid to be manipulated, and the bulge, or enlarged area, in the center of the handle functions to provide a safer, more comfortable grip that resists

19

rotation in the hand. Finally, Meyer is equitably estopped to claim protection equivalent to protection originally sought and now disclaimed by its statutory disclaimers recently filed.

Except as herein answered, Belk objects that an interrogatory seeking "the full factual basis and explanation" is actually many interrogatories, and alone exceeds the number permitted. Meyer is directed to the initial disclosures filed in this action. If Meyer wishes the answer to specific questions, then it should frame specific interrogatories directed to those issues.

This the 13th day of May, 2008.

Respectfully submitted,

W. Thad Adams, III (NC Bar No. 0020)
Attorney for Plaintiffs

OF COUNSEL:

W. Thad Adams, III
ADAMS INTELLECTUAL PROPERTY LAW, P.A.
201 South College Street
Suite 2350 Charlotte Plaza
Charlotte, North Carolina 28244
Phone: (704) 375-9249
Fax: (704) 375-0729
wta@adamspat.com

20

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFFS BELK, INC. AND BELK INTERNATIONAL, INC.'S RESPONSES TO DEFENDANTS MEYER CORPORATION, U.S. AND MEYER INTELLECTUAL PROPERTIES LIMITED'S INTERROGATORIES** was duly served upon Defendants Meyer Corporation, U.S. and Meyer Intellectual Properties Limited via e-mail and United Sates mail, first-class mail postage prepaid to the following attorneys of record:

>Andrew S. Chamberlin
>Alex J. Hagan
>ELLIS & WINTERS
>P.O. Box 33550
>Raleigh, North Carolina 27636
>andrew.chamberlin@elliswinters.com
>alex.hagan@elliswinters.com

And by depositing copies of the same in the United States mail, first-class mail postage prepaid, addressed as follows:

>Allan J. Sternstein
>Dean N. Dickie
>Renee L. Zipprich
>DYKEMA GOSSETT PLLC
>10 South Wacker Drive
>23rd Floor
>Chicago, Illinois 60606

This the 13th day of May, 2008.

Respectfully submitted,

W. Thad Adams, III (NC Bar No. 0020)
Attorney for Plaintiffs

OF COUNSEL:

W. Thad Adams, III
ADAMS INTELLECTUAL PROPERTY LAW, P.A.
201 South College Street
Suite 2350 Charlotte Plaza
Charlotte, North Carolina 28244
Phone: (704) 375-9249
Fax: (704) 375-0729
wta@adamspat.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| BELK, INC., and<br>BELK INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MEYER CORPORATION, U.S., and<br>MEYER INTELLECTUAL PROPERTIES<br>LIMITED<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action. No. 3:07-cv-00168

## **VERIFICATION**

Luther T. Moore, Senior Vice President, Assistant Secretary and Assistant General Counsel, being duly sworn, deposes that he is employed by Plaintiffs, that he has read the "PLAINTIFFS BELK, INC. AND BELK INTERNATIONAL, INC.'S RESPONSES TO DEFENDANTS MEYER CORPORATION, U.S. AND MEYER INTELLECTUAL PROPERTIES LIMITED'S INTERROGATORIES" which were served on Defendants on May 13, 2008, and knows the content thereof, and that the same is true except as to matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

_____
Luther T. Moore, Esq.

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

Sworn before me this _____ day of _____, 2008.

_____
Notary Public

My Commission Expires:_____

SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| BELK, INC., and<br>BELK INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MEYER CORPORATION, U.S., and<br>MEYER INTELLECTUAL PROPERTIES<br>LIMITED<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action. No. 3:07-cv-00168 |

## VERIFICATION

Luther T. Moore, Senior Vice President, Assistant Secretary and Assistant General Counsel, being duly sworn, deposes that he is employed by Plaintiffs, that he has read the "PLAINTIFFS BELK, INC. AND BELK INTERNATIONAL, INC.'S RESPONSES TO DEFENDANTS MEYER CORPORATION, U.S. AND MEYER INTELLECTUAL PROPERTIES LIMITED'S INTERROGATORIES" which were served on Defendants on May 13, 2008, and knows the content thereof, and that the same is true except as to matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

_____
Luther T. Moore, Esq.

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

Sworn before me this 13th day of May, 2008.

_____
Notary Public

My Commission Expires: ___Notary Public Mecklenburg County, North Carolina___
My Commission Expires 8/15/2012

SEAL.