# EXHIBIT 6

# Cecilia Sidebottom

| | |
|---|---|
| **From:** | Cecilia Sidebottom [cms@adamspat.com] |
| **Sent:** | Thursday, June 19, 2008 3:45 PM |
| **To:** | 'ddickie@dykema.com' |
| **Cc:** | 'rzipprich@dykema.com' |
| **Subject:** | Belk, Inc., et al. v. Meyer Corporation U.S., et al; Civil Action No. 3:07-CV-168 |



dickie-june18-00
1.pdf (113 KB)...

Dear Mr. Dickie:

Please see the attached correspondence from Mr. Adams.

Best regards,

Cecilia M. Sidebottom
Legal Assistant to W. Thad Adams, III
ADAMS INTELLECTUAL PROPERTY LAW, P.A.
Suite 2350 Charlotte Plaza
201 South College Street
Charlotte, NC   28244
Tel:   (704) 375-9249
Fax:   (704) 375-0729

This e-mail and any attachments hereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me at (704) 375-9249 or cms@adamspat.com and permanently delete the original and any copies from your system.  Thank you in advance for your cooperation.

ADAMS INTELLECTUAL PROPERTY LAW, P.A.

PATENTS
TRADEMARKS
COPYRIGHTS
UNFAIR COMPETITION
TRADE SECRETS
INTERNET LAW

Suite 2350 Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244
Telephone: (704) 375-9249
Facsimile: (704) 375-0729

W. THAD ADAMS, III
wta@adamspat.com

June 19, 2008

**VIA E-MAIL ONLY**
ddickie@dykema.com

Dean A. Dickie , Esq.
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

RE: **Our File No. 3104/15**; *Belk, Inc., et al. v. Meyer Corporation U.S., et al.*; Civil Action No. 3:07-CV-168

Dear Dean:

I have your letter of June 13, 2008. I will respond to it and, as well, raise several other related issues regarding discovery in hopes that we can smooth things out without the necessity of court intervention.

You will recall that we produced a large quantity of documents to Belk quite a long time ago. The fact that you had these documents permitted you to already take several depositions. In contrast, we have gotten virtually no documents from Meyer, even though this matter has been pending for almost a year and, to my certain knowledge, Meyer's prior counsel did a substantial amount of document research into Meyer's files before being replaced. In short, Ms. Zipprich's decision to engage in a "rolling" document production to Belk is simply unacceptable. You have had far more than enough time to make a full production of documents from Meyer and I insist that Meyer make a full production no later than June 27, 2008. Tomorrow I will be sending you a proposed Protective Order which should enable us to make a reasoned judgment regarding which documents are in fact confidential and which ones are not. In this regard, I noticed that what few documents Meyer has produced thus far appear to be conventional photographs of various pots and pans but are nevertheless stamped confidential. Please furnish an explanation as to why Meyer believes that these documents fall within the "confidential" category.

Regarding your specific request for further depositions within the next three weeks, I regret that I cannot accommodate this request. I understand that you have other obligations, but so do I. I have an extensive briefing schedule in a case in New York and another one in Miami which will absorb most of my time for the next three weeks. You have previously expressed a desire to

6/23/08 - Defendants' Response Due to our letter of 6/19/08 regarding responses to our Discovery Requests

6/27/08 - Defendants' full Production of Documents due in response to our letter of 6/19/08

Dean A. Dickie, Esq.
DYKEMA GOSSETT PLLC
June 19, 2008
Page 2

---

combine depositions with trips to North Carolina for other reasons which resulted in my suggestion that we do any further depositions on the 21st of July. The principal reason for any delay in this case thus far has resulted from Meyer's activity in Georgia and its failure thus far to produce documents long ago requested.

In connection with our document request, the written responses were wholly unacceptable in that it could not be determined from the response whether and to what extent Meyer was actually going to produce documents. I do not believe that Meyer's counsel does not know the meaning of words such as "infringes" and the like and find repeated objections of this sort in both Meyer's document request responses and interrogatory answers to be plainly obstructionist. I have previously communicated with Renee regarding the unsatisfactory nature of Meyer's discovery responses and received a wholly unsatisfactory response. I request that you review this matter yourself and advise me no later than June 23, 2008 whether Meyer will tender a more satisfactory response to these discovery requests.

If it is not Meyer's intention to promptly produce the documents it owes Belk, provide proper interrogatory answers and otherwise comply with its discovery obligations, please advise me promptly so that we can have the required "meet and confer" as a predicate to filing a Motion to Compel. I do not intend to take any Meyer depositions until I am reasonably satisfied that Meyer has fulfilled its responsibilities in response to our document requests.

At the conclusion of the Kelly deposition you indicated that you would furnish us a list of attachments to various e-mails that you wanted us to provide. I have received no such request and assume that the additional documents we have produced, which did include attachments to certain of the e-mails, satisfies your present needs.

Finally, I neglected to request from you the promised color copies of the two Meyer/Belk presentations which you showed Mr. Parks at his deposition. I would appreciate your providing production numbers to those documents and forwarding them, along with any other similar documents to me promptly.

Sincerely,

ADAMS INTELLECTUAL PROPERTY LAW, P.A.

W. Thad Adams, III

WTA,III:cms/dickie_june18
Enclosures
cc: Renee L. Zipprich, Esq. (rzipprich@dykema.com)