# EXHIBIT 7

# Cecilia Sidebottom

**From:** Cecilia Sidebottom [cms@adamspat.com]
**Sent:** Monday, July 14, 2008 4:03 PM
**To:** 'rzipprich@dykema.com'
**Subject:** From: W. Thad Adams, III; Belk, Inc. et al. v. Meyer Corporation U.S., et al.; Civil Action No. 3:07-CV-168; Adams IP Law File No. 3104/15



zipprich-july14.pdf (153 KB)

Dear Ms. Zipprich:

Pursuant to Mr. Adams' request, I am forwarding you the attached correspondence.

Best regards,

Cecilia M. Sidebottom
Legal Assistant to W. Thad Adams, III
ADAMS INTELLECTUAL PROPERTY LAW, P.A.
Suite 2350 Charlotte Plaza
201 South College Street
Charlotte, NC  28244
Tel:  (704) 375-9249
Fax:  (704) 375-0729

This e-mail and any attachments hereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me at (704) 375-9249 or cms@adamspat.com and permanently delete the original and any copies from your system.  Thank you in advance for your cooperation.

# ADAMS INTELLECTUAL PROPERTY LAW, P.A.

PATENTS
TRADEMARKS
COPYRIGHTS
UNFAIR COMPETITION
TRADE SECRETS
INTERNET LAW

Suite 2350 Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244
Telephone: (704) 375-9249
Facsimile: (704) 375-0729

W. THAD ADAMS, III
wta@adamspat.com

July 14, 2008

**VIA E-MAIL ONLY**
rzipprich@dykema.com

Renée L. Zipprich, Esq.
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

RE: **Our File No. 3104/15**; *Belk, Inc., et al. v. Meyer Corporation U.S., et al.*; Civil Action No. 3:07-CV-168

Dear Renée:

This letter follows up my letter dated June 3, 2008 and further responds to your letter dated June 4, 2008 regarding Meyers' lack of production of documents requested by Belk. In your letter, you requested me to identify with particularity my objections to Meyers' responses. I am not required to speculate regarding what documents Meyer might have that it has not produced. It is Meyers' obligation to produce those documents. Also, I have not received the signed protective order, as promised.

Now that Meyer has, at long last, produced at least some documents, we have examined those documents and find them unresponsive in numerous ways. This letter identifies the manner in which we presently believe Meyers' responses are incomplete or otherwise unsatisfactory. Generally, Meyer has failed to produce any documents related to at least Requests Nos. 1, 5, 6, 10, 13 and 15–20. The fact that we are unaware of and have not specifically mentioned a particular category of documents does not excuse Meyer from nevertheless producing them to Belk.

With respect to Request No. 1, Belk asked Meyer to provide "[a]ll correspondence to or from any third party and relating to any claim of ownership in, or intellectual property or infringement relating to, the Meyer Cookware". In light of Meyers' recent intellectual property litigation with Calphalon, Meyer has many documents relating to claims of infringement relating to the Meyer Cookware, which was accused of being an infringement of Calphalon's patent. This request for supplementation applies equally to Requests Nos. 15, 16, 17 and 18, in which we asked for documents relating to litigation, threatened litigation, settlement, and any expert reports associated with such litigation. This would include court papers, correspondence with adverse counsel, third

Renee L. Zipprich, Esq.
DYKEMA GOSSETT PLLC
July 14, 2008
Page 2

---

parties, prospective witnesses, expert witnesses, including survey materials, license agreements, settlement agreements and related correspondence, cease and desist letters to or from Meyer or its counsel, and the like. Please provide these documents without further delay. This request relates not just to Calphalon, but to any other third party who has contacted Meyer, or who Meyer has contacted, in relation to intellectual property rights relating to cookware.

In Request No. 5, Belk asked Meyer to produce "[a]ll patent applications describing, disclosing or claiming any aspect of the Meyer Cookware". Your response stated that Meyer would produce relevant, non-privileged documents within Meyers' possession, custody, or control, but failed to do so. These documents are relevant to Belks' claim of inequitable conduct by Meyer in prosecuting their patents, the originality of Meyers' cookware designs, the positions taken by Meyer regarding the originality of its products and competitive products with third parties and with the Patent and Trademark Office, the identity of any person who is claimed to have invented, conceived of, copied or derived designs from elsewhere, and documents of a similar nature. The Court did not dismiss Belks' argument surrounding the disclaimer of Meyers' patents in its Order dated July 3, 2008, but simply stated that it would "not attempt to resolve factual disputes, including whether previous conduct of Defendants was inequitable, at this stage of the litigation." See p. 9 of Magistrate Judge Keesler's Order. Belk will fully pursue this argument and insists that Meyer turn over documents responsive to this request. Please provide these documents without further delay.

Requests Nos. 6, 10 and 20 asked Meyer to produce documents, drawings and diagrams related to the development of the Meyer Cookware or provided to the manufacturer of the Meyer Cookware. In response to each request, Meyer stated that it would produce relevant, non-privileged documents within its control, but again failed to produce any such documents. Documents, drawings and diagrams related to the development of the Meyer Cookware go directly to the issues of functionality, originality, derivation of designs from third parties and inequitable conduct. These documents are relevant to the matter at hand and should be turned over to Belk without further delay.

Belk also requested in Request No. 13 that Meyer produce all documents relating and referring to Belk and also referring in any manner to the Meyer Cookware. Again Meyer responded that it would produce relevant, non-privileged documents and again failed to produce those documents. In light of the aggressiveness in which Meyer has conducted this litigation, it is difficult to believe that Meyer has no email messages, memos, or other documents referring to Belk and the Meyer Cookware. If Meyer claims that any such documents are privileged, then it should promptly produce a privilege log.

Finally, in Request No. 19, Belk asked Meyer to produce all documents identifying the date when the Meyer Cookware was first offered for sale, was first known or used in the United States, or was first patented or published in a printed publication anywhere in the world. With cut-and-paste

---

precision, Meyer again responded that it would turn over documents responsive to this request, but has failed to do so. These documents are relevant to Belk's claim of inequitable conduct by Meyer, derivation of designs from third parties, the knowledge of particular individuals at Meyer regarding the Meyer cookware, and also must be produced. You are aware from previous activities in this litigation that at least some of Meyer's prior advertisements, press releases, etc. are on the internet. Meyer's copies of these were not produced, and I am certain that there are many more.

Please let me know when Meyer will produce the documents requested by Belk. If Meyer does not intend to produce any documents, please advise me promptly.

Sincerely,

ADAMS INTELLECTUAL PROPERTY LAW, P.A.

W. Thad Adams, III

WTA,III:cms/zipprich_july14