# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:07-CV-168-RJC-DCK

| | | |
|---|---|---|
| BELK, INC., and BELK INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) | ORDER |
| v. | ) ) | |
| MEYER CORPORATION, U.S., and MEYER INTELLECTUAL PROPERTY LIMITED, | ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Defendant "Meyer's Written Objection to Belk's PowerPoint Presentation Tendered to the Court for the First Time at the June 16, 2009 Hearing on Belk's Motion for Summary Judgment"(Document No. 162) filed on June 19, 2009. At the hearing, Belk provided some printed material ("PowerPoint") which closely corresponded to counsel's oral argument. Meyer, through counsel, objected to the printed material, and the Court took the objection under advisement. The present written objection is a follow-up to Meyer's oral objection at the hearing.

Review of the Belk's printed "PowerPoint" reveals that it consists largely of select quotations in very large type from the following: 1) relevant United States Supreme Court and Court of Appeals cases, 2) the Lanham Act, 3) Meyer's Amended Answer and Counterclaim, 4) various Interrogatories and Meyer's responses, 5) excerpts of deposition testimony, 6) the survey report by Meyer's own expert, and 7) Meyer's published patent application No. US 2008/0290104. This material is essentially taken directly from Belk's "Memorandum in Support of Summary Judgment" (Document No. 137) which Meyer was served with months ago. Moreover, Meyer is well aware of the content

of the depositions of its own witnesses, its own discovery responses, the cases cited in the briefs, its own patent application, and the content of the voluminous briefs and exhibits already in the record in this case.

Although the preferred practice would have been for Belk to furnish Meyer with a copy in advance of the hearing, Meyer can hardly claim surprise at the contents. The "PowerPoint" tracked Belk's arguments at the hearing and in its written brief. At the hearing, Meyer's counsel ably and fully presented their own reasons for their disagreement with Belk's arguments. Meyer has had ample opportunity to respond in full to Belk's motion for summary judgment, both in writing and orally at the hearing.

To the extent Belk's presentation included some photographic illustrations of the cookware at issue, Meyer is certainly aware of the appearance of its own Anolon cookware lines, the Napa Style cookware it sells under private label, and the pertinent Dillard's cookware – all of which have been discussed at length in the briefs and in the protracted discovery disputes in this case. In fact, Meyer brought the Court's attention to actual physical examples of certain cookware to illustrate its own argument at the hearing, presumably without advance notice to opposing counsel. In any event, the Court will consider the pleadings, briefs, exhibits and evidence of record, and the oral argument at the hearing.

**IT IS, THEREFORE, ORDERED** that Meyer's "Objection" is **OVERRULED as moot.**

**IT IS SO ORDERED**.

Signed: June 23, 2009

David C. Keesler
United States Magistrate Judge